

ELECTRONICALLY FILED
6/23/2014 1:20 PM
67-CV-2014-900074.00
CIRCUIT COURT OF
WINSTON COUNTY, ALABAMA
JOHN D. SNODDY, CLERK

IN THE CIRCUIT COURT OF WINSTON COUNTY, ALABAMA

| | |
|---|---|
| MASH, INC., CHARLES BORDENCA and GREGORY HORN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NUMBER:<br>)<br>) _____ |
| TRADERS & FARMERS BANK; TERRY HOCKADAY; and Fictitious Defendants A through BB, et al. | )<br>)<br>) JURY DEMAND<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COME NOW the Plaintiffs, MASH, Inc., Charles Bordenca, and Gregory Horn, and states their complaint against the Defendants as follows:

## PARTIES

1. Plaintiff Charles Bordenca is over the age of nineteen (19) and a resident of the state of Alabama. Hereinafter, Charles Bordenca will be referred to as "Bordenca" or "Plaintiff."

2. Plaintiff Gregory Horn is over the age of nineteen (19) and a resident of the state of Alabama. Hereinafter, Gregory Horn will be referred to as "Horn" or "Plaintiff."

3. Plaintiff MASH, Inc. is a corporation formed under the laws of the state of Alabama which does business by agent in Winston County, Alabama. At all times relevant to the facts and matters pled in this Complaint, MASH, Inc. was performing business in Winston County, Alabama. Hereinafter, MASH, Inc. will be referred to as "MASH" or "Plaintiff."

4. Defendant Traders & Farmers Bank is a financial institution with its principal place of business in Winston County, Alabama. Traders & Farmers Bank is a banking institution incorporated under the laws of the state of Alabama. At the time of the incidents made the basis of this Complaint, Traders & Farmers Bank was doing business in Winston County, Alabama. Hereinafter, Traders & Farmers Bank will be referred to as "Traders Bank" or "Defendant."

5. Defendant Arthur Terry Hockaday is an adult resident of the state of Alabama and is over the age of nineteen (19). Hereinafter, Terry Hockaday will be referred to as "Hockaday" or "Defendant."

6. Fictitious Parties A, B and C, whether singular or plural, are intended to designate that entity or those entities whose identity is not currently known by the Plaintiffs but who

committed or conspired to commit the conversion that caused the Plaintiffs' damages. Hereinafter, Fictitious Parties A, B, and C will be referred to as "Fictitious Defendants."

7. Fictitious Parties D, E and F, whether singular or plural, are intended to designate that entity or those entities whose identity is not currently known by the Plaintiffs but who conspired with and assisted Traders Bank and/or Hockaday in the conversion of monies that was rightfully owned by MASH, Bordenca and/or Horn. Hereinafter, Fictitious Parties D, E, and F will be referred to as "Fictitious Defendants."

8. Fictitious Parties G, H and I, whether singular or plural, are intended to designate that entity or those entities whose identity is not currently known by the Plaintiffs but who or which negligently and/or wantonly took property and/or monies which were rightfully due to the Plaintiffs. Hereinafter, Fictitious Parties G, H, and I will be referred to as "Fictitious Defendants."

9. Fictitious Parties J, K and L, whether singular or plural, are intended to designate that entity or those entities who fraudulently misrepresented and/or fraudulently suppressed the theft or the conversion or taking of monies from MASH, Bordenca, and/or Horn. Hereinafter, Fictitious Parties J, K, and L will be referred to as "Fictitious Defendants."

10. Fictitious Parties M, N and O, whether singular or plural, are intended to designate that entity or those entities, other than the entities described above, who or which received any proceeds of the monies that were taken by Terry Hockaday which were rightly due the Plaintiffs. Hereinafter, Fictitious Parties M, N, and O will be referred to as "Fictitious Defendants."

11. Fictitious Parties P, Q and R, whether singular or plural, are intended to designate that entity or those entities who were unjustly enriched by the conversion and taking of monies which were rightly due MASH, Bordenca, and Horn. Hereinafter, Fictitious Parties P, Q, and R will be referred to as "Fictitious Defendants."

12. Fictitious Parties S, T and U, whether singular or plural, are intended to designate that entity or those entities, other than the individual entities otherwise described herein who breached fiduciary duties or any other duty owed to the Plaintiffs through the conversion and taking of monies and property of the Plaintiffs. Hereinafter, Fictitious Parties S, T and U will be referred to as "Fictitious Defendants."

13. Fictitious Parties W, X and Y, whether singular or plural, are intended to designate that entity or those entities, other than the entities described above, who negligently failed to undertake their duties as officers and directors of Traders Bank by allowing Hockaday to negotiate checks made payable to the Plaintiffs. Hereinafter, Fictitious Parties W, X and Y will be referred to as "Fictitious Defendants."

14. Fictitious Parties Z, AA, BB, whether singular or plural, are intended to designate that entity or those entities, other than those designated above, who committed any of the acts

2

described in this Complaint but whose identity is not currently known by the Plaintiffs. Hereinafter, Fictitious Parties A, B, and C will be referred to as "Fictitious Defendants."

## JURISDICTION

15. This Court has jurisdiction of this lawsuit in accordance with Alabama Code §6-3-7 since a substantial part of the stated acts took place in Winston County, Alabama.

## FACTS

16. At all times pertinent to this Complaint, MASH has never maintained an account at Traders Bank.

17. MASH is a durable medical equipment and supply company. The company was formed in the approximately 1981. In the mid 1980's, Defendant Hockaday became employed with MASH.

18. Upon information and belief, Defendant Hockaday does his banking business with Traders Bank. In addition, it is believed that Defendant Hockaday has maintained numerous loans with Traders Bank over the years.

19. As an employee of Plaintiff MASH, Defendant Hockaday owes certain fiduciary duties, responsibilities and a duty of honesty.

20. Between the time of his employment and the present, Defendant Hockaday has obtained checks made payable to MASH and either deposited the checks into his personal account at Traders Bank, paid off loans that he has with Traders Bank, or cashed the checks with Traders Bank.

21. Upon information and belief, employees of Traders Bank assisted and abetted Defendant Hockaday in fraudulent transactions in which he converted checks made payable to MASH. Throughout each of these fraudulent transactions, Defendant Hockaday did not have any authority from Plaintiffs to perform any of these acts. Defendant Hockaday had never been granted any authority to process checks into and out of the company.

22. During the time in which Defendant Hockaday took the checks made payable to MASH and converted them to his own use, Traders Bank acted in a commercially unreasonable manner and breached the standard of care of banking institutions. Specifically, Defendant Traders Bank breached its own standards and that of the banking community when it deposited checks made payable to the Plaintiffs without any further activity to verify whether Defendant Hockaday had the authority to convert funds made payable to MASH. In addition, Defendant Traders Bank acted in a commercially unreasonable manner by allowing "suspicious" transactions by Defendant Hockaday in which Defendant Hockaday could convert checks made payable to his employer for "cash."

23. In addition, it is believed that portions of the funds that were wrongfully converted from checks made payable to MASH were used by Defendant Traders Bank and Defendant Hockaday to make payments upon various loan obligations that Defendant Hockaday had with Defendant Traders Bank. Defendant Traders Bank did not act in good faith when they negotiated the instruments brought in by Defendant Hockaday which were made payable to Plaintiff MASH.

24. During Defendant Hockaday's employment with MASH, MASH has uncovered checks totaling in excess of Eighty Thousand Dollars ($80,000.00) which were wrongfully converted by the Defendants. Research is ongoing and it is anticipated that the Plaintiffs will uncover numerous other improperly processed and embezzled checks.

25. As a result of the conversion of the funds, stock owned by Bordenca and Horn in the company has been devalued. In addition, Bordenca, Horn and MASH have lost numerous business opportunities as a result of the conversion of the funds.

26. As a result of the claims made the basis of this lawsuit, Bordenca, Horn and Mash have lost in excess of Eighty Thousand Dollars ($80,000.00) (with the exact amount still being determined) caused by the fraudulent activity, have lost profits, and suffered mental anguish and emotional distress. Further, it is believed that Defendant Hockaday converted a business opportunity that should have belonged to the Plaintiffs for his own personal benefit.

## COUNT ONE
## NEGLIGENCE- DEFENDANTS TRADERS BANK, HOCKADY AND FICTITIOUS DEFENDANTS

27. The Plaintiffs adopt and incorporate by reference all previous counts as if fully set forth herein.

28. During Defendant Hockaday's employment with MASH, Defendant Hockaday illegally negotiated over Eighty Thousand Dollars ($80,000.00) in checks made payable to MASH at Defendant Traders Bank.

29. Defendant Traders Bank failed to exercise ordinary care and failed to observe commercially reasonable standards by negotiating checks made payable to MASH and providing the funds to Defendant Hockaday.

30. By performing these acts, Defendant Traders Bank negligently aided, abetted and fostered the fraudulent scheme causing the Plaintiffs to be damaged.

31. As a proximate result of the acts of the Defendants, the Plaintiffs were caused to suffer damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory damages as may be proved at trial,

4

plus costs, interest, attorney's fees, and such other, further or additional relief as is just and proper.

## COUNT TWO
## WANTONNESS – DEFENDANTS TRADERS BANK, HOCKADY AND FICTITIOUS DEFENDANTS

32. The Plaintiffs adopt and incorporate by reference all previous counts as if fully set forth herein.

33. During Defendant Hockaday's employment with MASH, Defendant Hockaday illegally negotiated over Eighty Thousand Dollars ($80,000.00) in checks made payable to MASH at Defendant Traders Bank.

34. Defendant Traders Bank wantonly and recklessly failed to exercise ordinary care and to observe commercially reasonable standards by negotiating checks made payable to MASH and providing the funds to Defendant Hockaday.

35. By performing these acts, Defendant Traders Bank wantonly and recklessly aided, abetted and fostered the fraudulent scheme causing the Plaintiffs to be damaged.

36. As a proximate result of the acts of the Defendants, the Plaintiffs were caused to suffer damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and punitive damages as may be proved at trial, plus costs, interest, attorney's fees, and such other, further or additional relief as is just and proper.

## COUNT THREE
## CONVERSION – COMMON LAW
## DEFENDANTS TRADERS BANK, HOCKADY AND FICTITIOUS DEFENDANTS

37. Plaintiffs adopt and incorporate by reference the previous paragraphs as if fully stated herein.

38. Defendant Traders Bank, Defendant Hockaday and the Fictitious Defendants converted monies and instruments which were the property of the Plaintiffs.

39. As a result of the conversion of the instruments, the Plaintiffs suffered damages.

WHEREFORE , PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and/or punitive damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

5

## COUNT FOUR
## CONVERSION – COMMERCIAL CODE
## DEFENDANTS TRADERS BANK, HOCKADY AND FICTITIOUS DEFENDANTS

40. Plaintiffs adopt and incorporate by reference all previous allegations as if stated fully herein.

41. The Defendants and Fictitious Defendants converted funds owed to the Plaintiffs.

42. The Defendants and Fictitious Defendants violated the Alabama Uniform Commercial Code including, but not limited to, Alabama Code §7-3-420 in converting the funds. In addition, the Defendants and Fictitious Defendants violated other sections of the Alabama Uniform Commercial Code by their conduct and failure to act in a commercially reasonable manner.

WHEREFORE , PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and/or punitive damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

## COUNT FIVE
## FRAUDULENT MISREPRESENTATION

43. Plaintiffs adopt and incorporate by reference the allegations in the previous paragraphs as if stated fully herein.

44. Defendant Hockaday falsely represented that he was acting honestly, avoiding self-dealing, and acting in the best interest of the Plaintiffs. In addition, Defendant Hockaday represented that he was not performing acts of self-dealing, and was not converting monies owed to MASH for his own personal gain.

45. These representations were false and Defendant Hockaday knowingly, intentionally, recklessly, and negligently made the misrepresentations.

46. The Plaintiffs relied upon the representations and were deceived by them. The Plaintiffs were justified in relying on the representations of the Defefendants. As a proximate result of Defendant Hockaday's misrepresentations, the Plaintiffs have suffered damages.

WHEREFORE , PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and/or punitive damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

## COUNT SIX
## FRAUDULENT SUPPRESSION

47. The Plaintiffs adopt and incorporate by reference all previous paragraphs as if stated fully herein.

48. Defendant Hockaday, Defendant Traders Bank and the Fictitious Defendants did not disclose to the Plaintiffs that Defendant Hockaday was not acting in the best interest of the Plaintiffs, was self-dealing, and was converting checks made payable to MASH. Further, Defendant Traders Bank and the Fictitious Defendants did not disclose that they were cashing checks made payable to the Plaintiffs and giving the money to Defendant Hockaday, a person not entitled to the money.

49. The Defendants and the Fictitious Defendants were under a duty to disclose the above-referenced information to the Plaintiffs.

50. The Defendants and the Fictitious Defendants had superior knowledge about the facts and/or had a special relationship such that the information should have been disclosed.

51. The Defendants and Fictitious Defendants knowingly, intentionally, reckless and/or negligently suppressed or concealed material facts from the Plaintiffs regarding the improper and fraudulent conversion of the checks.

52. As a proximate result of the Defendants' and the Fictitious Defendants' suppression, concealment and deceit, the Plaintiffs have suffered damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and/or punitive damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

## COUNT SEVEN
## UNJUST ENRICHMENT

53. Plaintiffs adopt and incorporate by reference all previous paragraphs as if stated fully herein.

54. The Defendants and the Fictitious Defendants have been unjustly enriched by the taking of the instruments that were made payable to MASH and converting them to their own uses.

55. The Defendants and the Fictitious Defendants have been unjustly enriched and the Plaintiffs are due to receive payment as a result of the Defendants' and the Fictitious Defendants' unjust enrichment.

7

WHEREFORE , PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

## COUNT EIGHT
## BREACH OF FIDUCIARY DUTY

56. The Plaintiff s adopt and incorporate by reference all previous paragraphs as if stated fully herein.

57. Defendant Hockady and the Fictitious Defendants owed a duty of care and a duty of loyalty to the Plaintiffs as a result of their position with the Plaintiffs. Defendant Hockaday and the Fictitious Defendants owed a duty to act honestly for the Plaintiffs' best interest and to avoid acts of self-dealing. Further, Defendant Hockady and the Fictitious Defendants owe a duty of managing the corporate affairs of Plaintiff MASH honestly and partially and not to achieve personal advantage, profit or gain.

58. Defendant Hockady and the Fictitious Defendants had conflicting interests in their transactions and appropriated, for their personal benefit, a business opportunity that belonged to the Plaintiffs.

59. Defendant Hockaday and the Fictitious Defendants breached these fiduciary duties.

WHEREFORE , PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants and the Fictitious Defendants for compensatory and/or punitive damages as may be proved at trial, plus cost, interest, attorney's fees, and such other, further, additional relief as is just and proper.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

<u>s/Michael R. Lunsford</u>
Michael R. Lunsford
ASB-4014-N77M; LUN006
Attorney for Defendants
Porterfield, Harper, Mills, Motlow & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242-4821
Telephone: 205-980-5000
E-mail: mrl@phm-law.com

/J. Michael Cooper
J. Michael Cooper
ASB-6353-P79J; COO037
Attorney for Defendant,
Porterfield, Harper, Mills, Motlow & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242-4821
Telephone: 205-980-5000
Facsimile: 205-980-5001
E-mail: jmc@phm-law.com

**Serve Defendant by Sheriff at:**
Terry Hockaday
1215 County Road 19
Haleyville, AL 35565

**Serve Defendant by Certified Mail:**
Traders & Farmers Bank
c/o Ricky McCreless
819 20th Street
Haleyville, AL 35565

9