IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **Mash, Inc., Charles Bordenca,** | ) | |
| **Gregory Horn** | ) | |
| | ) | **Adversary Proceeding** |
| *Plaintiffs* | ) | **16-70011-JHH** |
| | ) | |
| **Arthur Terry Hockaday,** | ) | |
| **Nancy Irene Hockaday,** | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

_____

**Creditors' Complaint for an Exception to Discharge of Debt
Pursuant to 11 USC § 523(c)**
_____

COME NOW Creditors MASH, Inc., Charles Bordenca, and Gregory Horn (collectively "Creditors") and bring the following Complaint for an Exception to Discharge of a Debt pursuant to 11 USC § 523(c):

1. On June 23, 2014, the Creditors filed suit against Debtor Terry Hockaday ("Hockaday") as well as Traders & Farmers Bank, <u>Mash, Inc., Charles Bordenca and Gregory Horn v. Terry Hockaday, et al.</u>, *Circuit Court of Winston County, Alabama*, 67-CV-2014-900074, seeking recovery under theories of negligence, wanton misconduct, conversion, fraudulent misrepresentation, fraudulent suppression, unjust enrichment and breach of fiduciary duties. [Complaint, submitted as Exhibit "A"]. All of the claims arise out of Hockaday's

illegal conversion of the Creditors' funds, totaling $162,073.36. The underlying state court proceeding has been stayed since September 2014 due to Hockaday's indictment by a Winston County grand jury for theft of property.

2. Section 523(c) provides for the exception to the discharge of certain debts, including a debt for "money [or] property … to the extent obtained by false pretenses, a false representation, or actual fraud …." See also, 11 USC § 523(a)(2). Here, as set out below, the debt owed by Hockaday is most certainly for money or property obtained by his fraudulent misconduct.

3. Creditor MASH is a durable medical equipment and supply company. The company was formed in the approximately 1981. In the mid 1980's, Hockaday became employed with MASH. Hockaday does his banking business with Traders Bank and has maintained numerous loans with Traders Bank over the years.

4. Between the time of his employment and the present, Hockaday obtained checks made payable to MASH and either deposited the checks into his personal account at Traders Bank, paid off loans that he has with Traders Bank, or cashed the checks with Traders Bank.

5. Employees of Traders Bank assisted and abetted Hockaday in fraudulent transactions in which he converted checks made payable to MASH. Hockaday never had authority to process checks into and out of the company.

6. Traders Bank breached its own standards and that of the banking community when it deposited checks made payable to the Creditors without any further activity to verify whether Hockaday had the authority to convert funds made payable to MASH. In addition, Traders Bank acted in a commercially unreasonable manner by allowing "suspicious" transactions by Hockaday in which Hockaday could convert checks made payable to his employer for "cash."

7. Additionally, portions of the funds that were wrongfully converted from checks made payable to MASH were used by Traders Bank and Hockaday to make payments upon various loan obligations that Hockaday had with Traders Bank. Traders Bank did not act in good faith when they negotiated the instruments brought in by Hockaday which were made payable to MASH.

8. To date, MASH has uncovered checks totaling approximately $162,073.36 which were wrongfully converted by Traders Bank and Hockaday. Research is ongoing and it is anticipated that the Creditors will uncover numerous other improperly processed and embezzled checks.

9. As a result of the conversion of the funds, stock owned by Bordenca and Horn in MASH has been devalued. Also, Bordenca, Horn and MASH have lost numerous business opportunities as a result of the conversion of the funds.

10. As demonstrated above, the debt owed by Hockaday is most certainly for money or property obtained by his fraudulent misconduct. As such, it is due to

be excepted from discharge and the Creditors have a claim against Hockaday for $162,073.36.

        Respectfully submitted,

        *s/ Michael R. Lunsford*_____
        Michael R. Lunsford
        ASB-4014-N77M; LUN006
        Attorney for Plaintiff/Creditors MASH, Bordenca and Horn
        Porterfield, Harper, Mills, Motlow & Ireland, P.A.
        22 Inverness Center Parkway
        Suite 600
        Birmingham, Alabama 35242-4821
        Telephone: 205-980-5000
        E-mail: mrl@phm-law.com

4

Case 16-70011-JHH    Doc 5    Filed 06/03/16    Entered 06/03/16 11:10:59    Desc Main Document    Page 4 of 5

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **Mash, Inc., Charles Bordenca,** | ) | |
| **Gregory Horn** | ) | |
| | ) | **Adversary Proceeding** |
| *Plaintiffs* | ) | **16-70011-JHH** |
| | ) | |
| **Arthur Terry Hockaday,** | ) | |
| **Nancy Irene Hockaday,** | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above Notice by electronic transmission on Robert L. Shields, III, rls@bhamlawfirm.com, Ralph K. Strawn, Jr., rstrawn@srlawfirm.comcastbiz.net, and on all creditors listed on the attached matrix by regular mail, postage prepaid, on this the 3rd day of June, 2016.

Robert L. Shields, III
300 Vestavia Pkwy, Suite 2300
Birmingham, AL 35216
(205) 975-2057
rls@bhamlawfirm.com

Ralph K. Straw, Jr.
Strawn & Robertson, LLC
2401 Rainbow Drive
Gadsden, AL 35901
(256) 459-4548
rstrawn@srlawfirm.comcastbiz.net

> *s/ Michael R. Lunsford*
> **Of Counsel**